UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

RAY A. YOUNG,

    Petitioner,

    v.　　　　　　　　　　　　　　　　　　Case No. 10-C-0442

DAVID CLARKE,
GEORGIA HILL,
STATE OF WISCONSIN,
WISCONSIN LEGAL AID SOCIETY,
ELSA LEMELAS,

    Respondents.

---

ORDER GRANTING LEAVE TO PROCEED IN FORMA PAUPERIS (DOC. # 2), DENYING PETITION FOR WRIT OF HABEAS CORPUS (DOC. # 1), DENYING CERTIFICATE OF APPEALABILITY AND DISMISSING CASE

Ray A. Young filed a this petition pursuant to 28 U.S.C. § 2254,[1] asserting that his state court conviction and his revocation sentence were imposed in violation of the United States Constitution.[2] Young submits that he was convicted of violating a restraining order in Milwaukee County Circuit Court on February 23, 2010, and sentenced to nine months incarceration[3] followed by eighteen months of probation. Although he marked the "no" box on his petition, Young indicates that he is appealing this conviction. However, it

---

[1] Although Young filed his petition pursuant to § 2241 because he "is in custody pursuant to a state court judgment" and "wishes to challenge [some]thing affecting that custody," he must bring his case under § 2254.

[2] It also appears that Young is attempting to challenge his divorce proceedings as he provides information regarding the divorce along with discussion of his criminal conviction. Because it is inappropriate to attack a divorce proceeding in a habeas petition, the court will address this issue later.

[3] Apparently, the incarceration portion of Young's sentence was stayed.

appears that Young's probation was revoked[4] and that he is incarcerated at the Milwaukee County House of Corrections.

Accompanying, Young's petition is a request to proceed *in forma pauperis.* Under Rule 3 of the Rules Governing § 2254 Cases, a petitioner is required to file an affidavit of indigence as required by § 1915. Young submitted this affidavit and his Prisoner Trust Account Statement indicating that the ending balance was $ 10.61. The fee to initiate a habeas case is $5.00. Because it appears that Young is unable to pay the $5.00 filing fee, the court finds good reason to grant his request to proceed *in forma pauperis*.

Initially, the court must consider the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Generally, the court reviews whether the petitioner has set forth cognizable constitutional or federal law claims and has exhausted available state remedies. However, in the instant case, the court will not review Young's claims because it is apparent that the relief he is requesting cannot be granted in this proceeding. Additionally, it is clear that he has not exhausted his available state remedies.

---

[4] Young informs the court in the "Grounds for Relief" section of the petition, that "[he] was accosted by some goons and ha[s] been incarcerated since. Last Thursday (5-6-10) I took the opportunity to revoke myself so that, if nothing else I'll be able to try to restart my life soon." *See* Pet. for Writ of Habeas Corpus at 7.

Young's request for relief asks this court to "[s]et asside [sic] all court orders to date, release me from jail, pending the outcome, so that I may organize my defence [sic] and pay an attorney, and inventory the various tools and personal assets that I have been kept from for 11 months." Pet. for Writ of Habeas Corpus at 10. Upon reviewing the petition, it is clear that Young's requests regarding state court orders related to his divorce are barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). Pursuant to this doctrine, lower federal courts cannot review state court decisions; only the Supreme Court has appellate jurisdiction to reverse or modify a state court judgment. *Holt v. Lake County Bd. of Comm'rs*, 408 F.3d 335, 336 (7th Cir. 2005). District courts have no jurisdiction over "challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *Leaf v. Supreme Court of Wis.*, 979 F.2d 589, 596 (7th Cir. 1992). The doctrine precludes lower federal courts from exercising authority "when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment." *Holt*, 408 F.3d at 336. Similarly, "if the federal injury is 'inextricably intertwined' with the state court judgment, *Rooker-Feldman* bars the federal action." *Crestview Vill. Apartments v. U.S. Dep't of Housing & Urban Dev.*, 383 F.3d 552, 556 (7th Cir.2004).

Because Young is seeking review of the state court's decisions relating to his divorce, this court lacks subject-matter jurisdiction to entertain his claims in accordance

with the *Rooker-Feldman* doctrine. In other words, this court has **no authority** to hear this case.

Moreover, an application for a writ of habeas corpus from a person in state custody shall not be granted unless it appears that (a) the petitioner has exhausted state remedies, or (b) there is no available state corrective process, or (c) circumstances exist that render such process ineffective to protect the petitioner's rights. 28 U.S.C. § 2254(b)(1). To exhaust a claim, the petitioner must provide the state courts with a full and fair opportunity to review his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A specific claim is not considered exhausted if the petitioner "has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). This requires the petitioner to appeal adverse state court decisions all the way to the state supreme court when doing so is part of the ordinary appellate review procedure in that state. *O'Sullivan,* 526 U.S. at 847. The doctrine of exhaustion allows state courts the "initial opportunity to pass on and correct alleged violations of its prisoners' federal rights." *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (internal quotation marks omitted). Inasmuch as Young has claims and requests for relief that could go forward under a habeas petition, he concedes that they are not exhausted. Young's petition asserts that he is in the process of appealing his conviction, that is his appeal is pending before the state court of appeals. *See* Pet. for Writ of Habeas Corpus at 3. Hence, the court must dismiss this petition.

Finally, pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability will issue "if the applicant has made a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant makes a "'substantial showing where reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" *Sandoval v. United States*, 574 F.3d 847, 852 (7th Cir. 2009) (quoting *Arredondo v. Huibregtse*, 542 F.3d 1155, 1165 (7th Cir. 2008)). Here, there is no question that Young fails to make the requisite "substantial showing" as (1) the Rooker-Feldman doctrine leaves the court with no authority to grant Young the relief he seeks; and (2) he has not exhausted his claims making the dismissal of his petition required under § 2254.

For these reasons,

IT IS ORDERED that Young's petition and affidavit to proceed without payment of fees and/or costs is granted.

IT IS FURTHER ORDERED that Young's petition for a writ of habeas corpus is denied.

IT IS FURTHER ORDERED that a certificate of appealability is denied.

IT IS FURTHER ORDERED that this case is dismissed.

Dated at Milwaukee, Wisconsin, this 21st day of April, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U.S. DISTRICT JUDGE